IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

PETER D. WHITE, personal representative of
Angel David Pichardo Silva, Deceased, and
PETER D. WHITE, personal representative of
Amadeo de Jesus Guzman Benitez, Deceased,

        Plaintiffs,

v.                                                                                                           No. CIV 07-902 BB/WDS

C.C. JONES, INC., and JESSIE MARGARET
BUNTING,

        Defendants.


MEMORANDUM OPINION
AND
ORDER LIMITING TESTIMONY

THIS MATTER is before the Court on Defendants' Motion to Compel Depositions or Limit Testimony [Doc. 50], and the Court having considered the briefs of counsel, finds the motion is well taken and Plaintiffs may not call Ismael de Jesus Menijiar Gonzalez, Oscar Javier Navarro Escandon, Claudia Araveli Calvo Elvirez, and Rosalba Avila Calvo without first making them available for depositions.

*Discussion*

This case arises from an accident that occurred in the early morning hours of July 9, 2006, on eastbound Interstate 40 near milepost 26 outside Gallup, New Mexico. Mr. Silva and Mr. Benitez were killed in the accident. Mr. Silva and Mr. Benitez were

passengers in a Chevrolet Suburban containing fifteen occupants, all undocumented people from Mexico, El Salvador, and Guatemala. The Suburban crossed the path of Defendants' tractor-trailer and the crash resulted. Both decedents were ejected from the rear of the Suburban and died at the scene.

Defendants have repeatedly requested times and locations for the depositions of Ismael de Jesus Menijiar Gonzalez ("Gonzales"), Oscar Javier Navarro Escandon ("Escandon"), Claudia Araveli Calvo Elvirez ("Elvirez"), and Rosalba Avila Calvo (Calvo"), who were listed as witnesses in Plaintiffs' discovery. Plaintiffs' counsel represents Mr. Gonzalez and assisted in scheduling his deposition for July 23, 2008, in Washington, DC. Defendants incurred substantial cost in traveling to Washington, DC, and preparing for the deposition. An interpreter and court reporter were retained and appeared at the time and place scheduled. Despite these efforts, Mr. Gonzalez did not appear. Plaintiffs only response to the failure to provide their witnesses is merely that "[a]t the time the disclosures were made, Plaintiff believed the contact information was accurate." (Pls.' Reply p. 1). This obviously has great potential for prejudice to Defendants if these witnesses suddenly appear to testify at trial.

The disclosure requirements under FEDERAL RULE OF CIVIL PROCEDURE 26 are mandatory and are intended to further the purposes of the Civil Justice Reform Act, 28 U.S.C. § 471, *et seq*. The provisions of FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1) are designed to provide an incentive for full disclosure by precluding a party from using

at trial any witness not so disclosed.  Initial disclosures should provide the parties "with information essential to the proper litigation of all relevant facts, to eliminat[e] surprise, and to promot[e] settlement."  *Windom v. FM Indus., Inc.*, 2003 WL 21939033, *2 (D. Neb.), quoting *Rolscreen Co. v. Pella Prods. of St. Louis, Inc.*, 145 F.R.D. 92, 94 (S.D. Iowa 1992).

When determining whether a violation of duty to seasonably amend written discovery responses is justified or harmless, the court considers the following factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing the evidence would disrupt the trial, and (4) the moving party's bad faith or willfulness.  *Sprint Comm. Co. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290 (D. Kan. 2007); FEDERAL RULE OF CIVIL PROCEDURE 26(e)(2).  To permit Gonzalez, Escandon, Elvirez, and Calvo to testify at trial without any opportunity for Defendants to depose them would be highly prejudicial to Defendants and would not further the clear objectives of RULE 26.  *Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006), *Atencio v. City of Albuquerque*, 911 F. Supp. 1433, 1444 (D.N.M. 1995).

## O R D E R

If Plaintiffs wish to call Ismael de Jesus Menijiar Gonzalez, Oscar Javier Navarro Escandon, Claudia Araveli Calvo Elvirez, and Rosalba Avila Calvo as

3

**witnesses at trial, they must provide Ismael de Jesus Menijiar Gonzalez, Oscar Javier Navarro Escandon, Claudia Araveli Calvo Elvirez, and Rosalba Avila Calvo for deposition at least five days prior to the start of trial. Plaintiffs will be responsible for all costs associated with such depositions as well as Defendants previous costs and attorney's fees in attempting to depose Mr. Gonzalez in Washington, DC, in July 2008.**

**SO ORDERED this 16th day of September, 2008.**

_____
**BRUCE D. BLACK**
**United States District Judge**